# IN THE COURT OF APPEALS OF IOWA

No. 18-0133
Filed March 21, 2018

**IN THE INTEREST OF A.I., F.I., and F.I.,**
**Minor Children,**

**A.I., Father,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

The father appeals the termination of his parental rights. **AFFIRMED.**

Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Brent M. Pattison and Brooke Thompson (student attorney) of Drake Legal Clinic, Des Moines, guardians ad litem for minor children.

Paul L. White of Juvenile Public Defender Office, Des Moines, attorney for A.I.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

The father appeals the termination of his parental rights to his three children, A.I, born in 2003; F.I., born in 2006; and F.I., born in 2012.[1] The juvenile court terminated the father's parental rights to all three children pursuant to Iowa Code section 232.116(1)(f) (2017). We review termination-of-parental-rights proceedings de novo. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The juvenile court may terminate a parent's rights pursuant to subsection (f) when the court finds that all the following have occurred:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance [(CINA)] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f).

Although he states in passing that the juvenile court "erred in finding that the State had proven certain grounds for termination under Iowa Code section 232.116(1)," the father does not specifically dispute any of the statutory grounds. Our review of the record establishes that at the time of the termination hearing, the children were ages fourteen, eleven, and five; had been adjudicated CINA, and had been removed from their parents' care for fifteen months. Additionally, the father conceded at the termination hearing that the children could not be returned to his care as he was then incarcerated for a probation violation and "still [had]

---

[1] The mother's parental rights were also terminated. She does not appeal.

issues to work on before the children [could] be placed in [his] care." The statutory grounds for termination have been proved by clear and convincing evidence.

Next, the father maintains termination of his parental rights was not in the children's best interests because of his bond with the children[2] and his commitment to his sobriety. At the time of the termination hearing, the father had not seen A.I. in over six months and had not seen the youngest two children in almost five months. He had been jailed for probation violations four times in the year leading up to the termination hearing, and he admitted ongoing criminal behavior, including daily use of methamphetamine until November 21—approximately two weeks before the hearing. He also admitted he had contact with the mother in violation of a no-contact order that was entered following a felony conviction for perpetrating domestic violence against the mother. Although substance abuse and domestic violence were identified as issues for the father at the time the Iowa Department of Human Services got involved in September 2016, the father had yet to even begin a domestic-violence course or a substance-abuse program. Additionally, the father was on probation with a two-year suspended sentence, and it was unclear whether he would be allowed to remain on probation due to his recent violation. In giving "primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren],"

---

[2] While the father relies on his bond with the children to argue that termination of his parental rights is not in their best interests, this argument is more appropriately made under the permissive factors of subsection (3). *See* Iowa Code § 232.116(3)(c) (stating the "court need not terminated the relationship between the parent and the child" if it finds "that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship").

termination of the father's parental rights is in these children's best interests. *See* Iowa Code § 232.116(2).

Next, the father maintains the court should have exercised its discretion to save the parent-child relationship because the children were in the legal custody of relatives. *See* Iowa Code § 232.116(3)(a). Although a relative having legal custody of the children "allows the court to avoid terminating parental rights, . . . the factors 'are permissive, not mandatory.'" *A.S.*, 906 N.W.2d at 475 (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). "[T]he parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 223.116(3)(a)." *Id.* at 476; *accord* Iowa R. App. P. 6.904(3)(e) ("Ordinarily, the burden of proof of an issue is upon the party who would suffer loss if the issue were not established."). The father has not met his burden of establishing that this is an appropriate case to save the parent-child relationship; the father has not had recent contact with the children and continues to struggle with criminality and drug abuse. Additionally, according to A.I.'s attorney, A.I. supported the termination of the father's parental rights.

Alternatively, the father maintains the court should have placed the children in a guardianship rather than terminating his parental rights. Although the father testified he would "support a guardianship with relatives with regard to the[] children," no other evidence regarding a guardianship was presented at the hearing. We have no suggestion of the person the father believed should take on the guardianship, nor whether any family member was appropriate and willing to do so. Additionally, the children's guardians ad litem (GAL) supported the State's petition to terminate the father's parental rights, stating, "We don't have any

independent evidence to offer in support of the [termination petition], but we support the State's petition and think it's time for the kids to kind of obtain permanency through termination of parental rights and the opportunity to be adopted." *See, e.g.*, *A.S.*, 906 N.W.2d at 476 (giving weight to the GAL's testimony recommending termination of parental rights). We cannot say the juvenile court should have established a guardianship for these children.

Finally, the father maintains the juvenile court should have granted his request for a six-month extension to achieve reunification with the children. The court may grant an extension only when it determines "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). Here, the father has not made any strides in the fifteen months that the children have been removed from his care. Although he has completed a number of substance-abuse evaluations, he has yet to begin a treatment program. He also has not sought any help dealing with his history of perpetrating domestic violence and admitted that he has been in contact with the mother in violation of the no-contact order. While the father testified alcohol was his "drug of choice," he also admitted that he had been using methamphetamine daily until two weeks earlier. Moreover, it remained unclear whether he would be allowed to remain on probation or be forced to serve his suspended two-year sentence in prison. Nothing in the record indicates that the father would be in a position to care for the children in six months; we agree with the district court's decision to deny the father's request for an extension.

For all the foregoing reasons, we affirm the termination of the father's parental rights to A.I., F.I., and F.I.

**AFFIRMED.**